**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 95-5396

ALFONZIA MALONEY, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-94-755)

Submitted: January 11, 1996

Decided: February 2, 1996

Before RUSSELL, HALL, and WILKINSON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Langdon D. Long, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant. J. Preston Strom, Jr., United States
Attorney, John M. Barton, Assistant United States Attorney, Colum-
bia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Alfonzia Maloney, Jr., pled guilty to bank robbery, 18 U.S.C.A. § 2113(a), (d) (West Supp. 1995), and received a sentence of 142 months imprisonment. He contends on appeal that the district court clearly erred in denying him a reduction for acceptance of responsibility, United States Sentencing Commission, Guidelines Manual, § 3E1.1 (Nov. 1994), and in enhancing his sentence for obstruction of justice. USSG § 3C1.1. Finding no clear error, we affirm the sentence.

A lone gunman robbed the South Carolina National Bank in Columbia, South Carolina, on November 15, 1993. Nearly a year later, Maloney was arrested for the robbery. The demand note had been written on Maloney's electric power bill and his fingerprints were on it. Bank photographs of the robbery resembled Maloney, who was recovering from facial burns at the time of the robbery. The tellers all described the robber as having lumps or scars on one side of his face. However, when he entered his guilty plea, Maloney told the district court that he was not the man who entered the bank. Rather, he said he had driven the getaway car for Wadell Patterson, who had actually robbed the bank. The district court accepted Maloney's plea, finding that he was guilty as an aider and abettor even if his version of events were accepted. Wadell Patterson was never located, nor was his existence confirmed.

Maloney persisted in his story when he was interviewed by the probation officer and at his sentencing hearing. The district court found that Maloney was the person who had entered and robbed the bank and that he had lied under oath when he denied that fact at the Fed. R. Crim. P. 11 hearing. As a result, the court found that Maloney had not earned an acceptance of responsibility reduction and that an adjustment for obstruction of justice was appropriate.

Maloney argues first that he accepted responsibility for his actual conduct, entered a timely guilty plea, and cooperated with the government thereafter. However, the most important factor which the court considers in determining acceptance of responsibility is the defendant's truthful admission of the conduct comprising the offense and

2

any relevant conduct which the court determines to be true. USSG § 3E1.1, comment. (n.1(a)). The district court found that Maloney was the sole person responsible for the robbery, a fact Maloney did not admit. In this circumstance, we cannot say the district court's finding that Maloney had not accepted responsibility for his offense was clearly erroneous.

Second, Maloney contends that the district court erred in enhancing his sentence for obstruction of justice without making the finding required under United States v. Dunnigan, 507 U.S. 87 (1993), that he had willfully testified falsely concerning a material matter. Unlike the defendant in Dunnigan, who perjured herself testifying on her own behalf at trial, Maloney's enhancement was based on a false statement given first during his guilty plea and later to the probation officer and to the sentencing court. His right to testify at trial was not implicated. However, the district reviewed Dunnigan and found that a false statement to the court in the course of a guilty plea was equally deserving of sanction. See USSG § 3C1.1, comment. (n.3(f), (h)) (enhancement applies to materially false statement to judge or to probation officer in respect to presentence report).

The question is whether the court made an adequate finding concerning the materiality of Maloney's false statement. A materially false statement would, if believed, "tend to influence or affect the issue under consideration." USSG § 3C1.1, comment. (n.5). The district court's very brief finding on obstruction of justice followed a long discussion among the parties about Maloney's statement, during which the court suggested that Maloney may have made it initially in the belief that an accomplice would be sentenced more leniently than a principal. A finding of materiality is implicit in the court's observation. The false statement was also germane to the determination of whether Maloney had accepted responsibility for his conduct. In light of these factors, we find that the district court's findings were adequate and that the court was not clearly erroneous in concluding that the enhancement for obstruction of justice should apply.

Accordingly, the sentence imposed by the district court is affirmed. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4